UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| THOMAS J. SNOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00124-JPH-MKK |
| | ) | |
| WEXFORD OF INDIANA, LLC, | ) | |
| NAVEEN RAJOLI, | ) | |
| SAMUEL BYRD, | ) | |
| KIM HOBSON, | ) | |
| THOMAS WELLINGTON, | ) | |
| TAWNI TEMPLETON, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Second Amended Complaint and Directing Further Proceedings**

Plaintiff Thomas Snow is a prisoner currently incarcerated at Wabash Valley Correctional Facility. He filed this civil rights action alleging Defendants were deliberately indifferent to a cyst under his left ear. Because the plaintiff is a "prisoner," this Court has an obligation to screen the second amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

1

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Second Amended Complaint (Dkt. 13)

Mr. Snow has sued eight defendants: Wexford of Indiana, LLC; Centurion Health Inc.; Dr. Naveen Rajoli; Dr. Samuel Byrd; Kim Hobson; Thomas Wellington; Tawni Templeton; and Mike Ellis. Mr. Snow's second amended complaint is very similar to his amended complaint, the relevant allegations of which are reproduced below from the Court's previous screening Order:

> In late 2019, a mass started growing under Mr. Snow's left ear. By June 2020, it became larger, and so Mr. Snow sought medical care. Mr. Snow eventually saw Dr. Rajoli, who believed the mass was a "Lipoma," which is purely cosmetic and does not cause any pain. He therefore did not provide any treatment.
>
> Throughout the rest of 2020 and early 2021, Mr. Snow repeatedly sought treatment, and each time Dr. Rajoli failed to properly treat it. Mr. Snow filed grievances, and these were denied by various prison officials, including Health Services Administrator Kim Hobson and Grievance Specialists Thomas Wellington and Tawni Templeton.
>
> Mr. Snow saw Dr. Byrd in July 2021 and explained he was in severe pain from the mass and that Dr. Rajoli had refused to treat his condition. Dr. Byrd stated that he would get the cyst removed as soon as possible. Mr. Snow was seen again by Dr. Rajoli in August 2021, and he again complained of pain from the cyst.
>
> Mr. Snow was taken to Union Hospital in October 2021 for an outpatient examination, and it was discovered that the mass was a "Sebaceous cyst." The cyst was eventually removed in November 2021.
>
> Mr. Snow alleges both Dr. Rajoli and Dr. Byrd refused to provide adequate treatment which left him in serious pain. He alleges Nurse Hobson, Thomas Wellington, and Tawni Templeton failed to properly investigate his grievances and were deliberately indifferent to his medical needs. He alleges his injuries stemmed from the deficient policies of Wexford of Indiana, LLC, Wabash Valley's corporate medical provider[.]

*See* dkt. 24 at 2–3.

Mr. Snow's additional allegations relate to two new defendants: Centurion Health Inc., and Mike Ellis. First, Mr. Snow alleges Centurion Health Inc., another corporate medical provider, took over health services for the Indiana Department of Correction on July 1, 2021. This is the only allegation related to Centurion.

Second, Mr. Snow alleges Mike Ellis is a legal advisor who was involved in denying Mr. Snow's grievances related to his healthcare. Specifically, Mr. Snow alleges Mr. Ellis denied various grievances without investigating them, including a grievance appeal from Mr. Snow. He contends Mr. Ellis's failure to properly investigate his grievances amounts to deliberate indifference of his medical needs. Mr. Snow also contends Mr. Ellis violated his due process rights by denying his grievance appeal without investigating it.

Mr. Snow seeks money damages.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the second amended complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, Mr. Snow has stated a deliberate indifference claim against Dr. Rajoli, Dr. Byrd, Nurse Hobson, Mr. Wellington, Ms. Templeton, and Mr. Ellis. He alleges all of them were aware of serious medical condition, and they failed to take reasonable measures to address his condition: the doctors failed to adequately treat his cyst which resulted in severe pain, and Nurse Hobson, Mr. Wellington, Ms. Templeton, and Mr. Ellis failed to properly investigate his grievances related to the alleged deficient medical care. These allegations plausibly allege these defendants were deliberately indifferent to a serious medical need. *Reck v. Wexford Health Sources, Inc.*, 27 F.4th 473, 483 (7th Cir. 2022) ("A delay in treating non-life threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an

inmate's pain.") (internal quotations and citations omitted); *cf. Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (grievance review officials may be deliberately indifferent where they failed to investigate complaints or properly notify medical officials). Accordingly, Mr. Snow's claims against Dr. Rajoli, Dr. Byrd, Nurse Hobson, Mr. Wellington, Ms. Templeton, and Mr. Ellis **shall proceed**.

Second, Mr. Snow has stated a claim against Wexford of Indiana, LLC. He has plausibly alleged that Wexford of Indiana, LLC was the medical provider at Wabash Valley, and the denial of medical care was pursuant to its official policies. This states a *Monell* claim. *Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 378–79 (7th Cir. 2017) ("[A] private corporation that has contracted to provide essential government services is subject to at least the same rules that apply to public entities."); *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (prison's private healthcare provider can be liable under *Monell*). Mr. Snow's claim against Wexford of Indiana, LLC, **shall proceed**.

Third, Mr. Snow has failed to state a claim against Centurion Health Inc. The only allegation related to Centurion in the Second Amended Complaint is that Centurion took over health services for the Indiana Department of Correction on July 1, 2021. There are no other allegations, and Centurion cannot be held vicariously liable for other Defendants' alleged wrongful conduct. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (*Monell* liability cannot be premised on vicarious liability). Accordingly, Mr. Snow's claim against Centurion is **dismissed**.

Finally, Mr. Snow has failed to state a due process claim against Mike Ellis for failing to investigate and wrongfully denying his grievance appeal because the due process clause does not provide any independent constitutional right to a grievance process. *Owens v. Hinsley*, 635 F.3d

950, 953-54 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause.") (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Mr. Snow's due process claim against Mr. Ellis is therefore **dismissed**.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the second amended complaint, but not identified by the Court, he shall have **through April 1, 2023,** in which to identify those claims. Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

The **clerk is directed** to **add** "Mike Ellis" as a defendant on the docket. The **clerk is also directed** to **add** "Centurion Health Inc." as a defendant on the docket and then **terminate** "Centurion Health Inc." as a defendant on the docket.[1] Finally, the **clerk is directed** to change the docket text of Docket 13 to "Second Amended Complaint."

### IV. Service of Process

Defendants Wexford of Indiana, LLC; Dr. Naveen Rajoli; Dr. Samuel Byrd; Kim Hobson; Thomas Wellington; and Tawni Templeton have already been served and appeared in this action. These Defendants are instructed to file an answer to the second amended complaint within **21 days of this Order**.

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to Defendant Mike Ellis in the manner specified by Rule 4(d). Process shall consist of the second amended

---

[1] This is necessary to ensure a proper final judgment. *See West v. Louisville Gas & Electric Co.*, 951 F.3d 827, 828 – 29 (7th Cir. 2020) (final judgment must cover all litigants).

complaint filed on October 17, 2022, dkt. [13], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

    The **clerk is directed** to serve Mr. Ellis, an Indiana Department of Correction employee, electronically.

**SO ORDERED.**

Date: 3/15/2023

                                                    James Patrick Hanlon
                                                    United States District Judge
                                                    Southern District of Indiana

Distribution:

Electronic service to Indiana Department of Correction:

    Mike Ellis
    (All at Wabash Valley Correctional Facility)

THOMAS J. SNOW
185044
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

All Electronically Registered Counsel